## RAUTBORD v. EHMANN.

### No. 10561.

United States Court of Appeals
Seventh Circuit.

May 26, 1952.

Edward B. Hayes, Stephen A. Milwid, and Lord, Bissell & Kadyk, all of Chicago, Ill., for appellant.

Roy J. Egan, Alfred Roy Hulbert, Chicago, Ill., for appellees.

Before MAJOR, Chief Judge, and DUFFY and LINDLEY, Circuit Judges.

MAJOR, Chief Judge.

This case has its genesis in the personal injury sustained by Henry E. Ehmann, Jr., a minor, when struck by a motorboat operated by Robert Rautbord, also a minor, on the Fox River in McHenry Township, Illinois. An action was commenced in the State Court of Cook County, Illinois, by Henry E. Ehmann, Sr., on his own behalf as well as that of his minor son, to recover damages for personal injury sustained by the latter and monies expended by the former in the care and treatment of the latter. Named as defendants were Robert Rautbord, operator of the boat, and his father, Samuel G. Rautbord, owner of the boat.

Subsequently, a petition was filed by Samuel G. Rautbord under Title 46 U.S. C.A. § 183, for exoneration from, or in the alternative for limitation of liability. This petition was dismissed by the District Court. Upon appeal, this court held that petitioner was entitled to a limitation of liability and for that reason reversed the order of dismissal by the District Court. Rautbord v. Ehmann, 7 Cir., 190 F.2d 533.

The present appeal comes from the decree of the District Court entered following our mandate. The question for decision is whether that decree is in conformity with the mandate and with the requirements of applicable statutory provisions.

We need not reiterate the factual situation contained in our previous opinion except as it is material to the instant question. It was determined in the prior proceeding that the value of the boat was $1,300, which amount admittedly is the limit of petitioner's liability. Henry E. Ehmann, Sr., and Henry E. Ehmann, Jr., were the sole claimants in the proceeding. Neither in the previous nor instant proceeding has the court made a finding as to the amount of either claim. As to the former, petitioner points out that the testimony shows, and this is not disputed, that he expended the sum of $992.84 on behalf of his minor son and that such amount represents the total damage proven by him. It was alleged on behalf of Henry E. Ehmann, Jr., that he had been damaged in the amount of $25,000, on account of personal injuries sustained by him. Again no finding was made as to the amount of damages proven. This court allowed costs to petitioner in the amount of $502.15.

Subsequent to the filing of the mandate, the District Court, by letter directed to the proctors for the respective parties, requested that they advise the court in writing as to the manner in which the $1,300 should be disposed of. In response to this letter, proctors for the claimants suggested that from the sum of $1,300 there should first be deducted the taxable costs in the amount of $502.15, and the balance of $797.85 paid to the father. (This amount was $194.99 less than his proven claim.)

It will be noted that under this suggestion nothing was to be paid to the minor claimant or to his father on his behalf.

In response to the court's letter, proctors for petitioner called attention to certain provisions of the statute directing that a *pro rata* distribution be made among the claimants. It was suggested that the court find the damages of the injured minor in the amount of $2,000, and that two-thirds of the $1,300, to-wit, $866.67, be awarded to the claimant Henry E. Ehmann, Jr., and one-third, to-wit, $433.33, be awarded to the claimant Henry E. Ehmann, Sr.

The court entered its decree November 27, 1951, and an order supplementary thereto December 26, 1951. Reference to the latter appears to be sufficient for the present purpose. Therein it is provided: "The Clerk of this Court, upon receipt of the said $1,300.00, is ordered to pay therefrom to the petitioner, Samuel G. Rautbord, his costs as taxed by the Clerk of the United States Court of Appeals, in the sum of $502.15, and to pay to claimant, Henry E. Ehmann, Sr., the balance of $797.85." In the same order it is recited: "The said payment is and shall be a full, final and complete satisfaction of the total liability of the said petitioner, Samuel G. Rautbord, only, arising from and as a result of the matters and things alleged in his original petition in this Court."

Notwithstanding the language in the decree which purports to release the petitioner from all liability, it is contended that it does not do so for failure to follow the mandate and the law pertaining to the case. No case is cited, and our research discloses none, which expressly sustains the contention. The main response made by claimants to this contention is that petitioner was discharged upon the payment of the $1,300 into court and it is none of his concern as to the manner of its distribution. Any plausibility in this argument is at once dissipated by the statute which in plain words directs the manner in which the fund shall be distributed. Petitioner, was required to comply with the terms of the statute in order to obtain its benefit, that is, in order to limit his liability, and we discern no reason why he is not entitled

to have the proceeding carried to its conclusion in the manner directed by the statute. Evidently this was not done because none of the money was allotted to the minor claimant.

As noted, we have held petitioner entitled to a limitation of liability under Title 46 U.S.C.A. § 183 (§ 4283 of the revised statutes). The material portions of this section are set forth in our previous opinion (page 537) and need not be repeated. The following section (Title 46 U.S.C.A. § 184), entitled "Apportionment of compensation", provides: "Whenever any such * * * loss * * * is suffered * * * and the whole value of the vessel * * * is not sufficient to make compensation to each of them [claimants], they shall receive compensation from the owner of the vessel in proportion to their respective losses; and for that purpose * * * the owner of the vessel * * * may take the appropriate proceedings in any court, for the purpose of apportioning the sum for which the owner of the vessel may be liable among the parties entitled thereto."

In Butler v. Boston and Savannah S. S. Co., 130 U.S. 527, 552, 9 S.Ct. 612, 617, 32 L.Ed. 1017, the court, referring to this section, stated that it "is mainly to prescribe a *pro rata* distribution amongst the parties who have sustained loss or damage", and "that the law of limited liability applies to cases of personal injury and death as well as to cases of loss of or injury to property."

The statutory procedure for the apportionment of compensation is augmented by Rule 52 of the General Admiralty Rules, 28 U.S.C.A. entitled "Filing and proof of claim in limited liability proceedings". This rule, so far as material, provides: "Proof of all claims which shall be filed in pursuance of said monition shall thereafter be made * * * and * * . * the court [in] its findings on the claims so proven * * * the moneys paid * * * or the proceeds of said vessel * * * shall upon determination of liability be divided *pro rata* * * * amongst the several claimants in proportion to the amount of their re-

spective claims, duly proved and confirmed as aforesaid * * *."

It is patent that no *pro rata* distribution can be made between the claimants, as required by the statute and the rule, in the absence of a finding as to the amount of their claims which have been proven. Petitioner suggests that this court make such findings or, in the alternative, that the decree be reversed, with directions that they be made by the District Court and that the court apportion petitioner's liability *pro rata* between such claimants. We adopt the alternative suggestion for the reason that the District Court has heard the witnesses and is in a better position to find from the proof the amount of the claims, and particularly that of the minor. And if the District Court feels it is not in a position to make such findings on the record before it, we see no reason why additional testimony could not be heard. We make this suggestion because we strongly suspect that scant attention was given to the extent of his personal injury with his resultant damages, inasmuch as the court decided that petitioner was not entitled to a limitation of liability and dismissed the petition. It is only because of this court's contrary holding that a finding becomes material as to the proven amount of the claims presented.

There lurks in the record an apprehension on the part of proctors for claimants that a decree in the instant proceeding will in some manner operate to the disadvantage of the minor claimant in his common law action for damage against Robert Rautbord on account of his negligence in the operation of the boat. In view of the circumstances, we think we may with propriety express our view relative thereto. The decree to be entered in the instant case will do nothing more than release the liability of petitioner and bar any other action against him. Robert Rautbord is not and could not properly have been a party to the instant proceeding. True, there was an issue as to his negligence, necessary as a prerequisite to a determination of the issue as to whether petitioner was entitled to exoneration. It was only a finding of the negligence of

Robert Rautbord that prevented petitioner from obtaining exoneration from liability. That finding of negligence, however, was only for the purpose of the instant proceeding and it is not discernible how it could be binding upon Robert Rautbord, who was not a party. In sustaining the finding of negligence as to Robert Rautbord, we stated in our previous opinion, 190 F.2d at page 538: "The latter not being a party to this proceeding, what we have said in this respect is solely for the purpose of determining petitioner's liability, if any, and is without prejudice to the right of Robert Rautbord to contest a charge of negligence in any suit or proceeding against him."

As a corollary to that statement, we think that a decree or findings upon which it is predicated will be without prejudice to the right of Henry E. Ehmann, Jr., to prosecute an action for damage against Robert Rautbord. The instant proceeding was for the sole purpose of determining petitioner's liability, if any, to the claimants, and not for the purpose of determining the liability, if any, of a third party. The proceeding, in our view, has no bearing upon or relevancy to some other action of which petitioner is not a party.

The decree and supplemental order appealed from are reversed, with directions to make the necessary findings and to enter a decree in accordance with the views herein expressed.